UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAMASTE PRODUCTIONS, INC
                              Plaintiff,

              -against-                                    **COMPLAINT**

                                                                                             Index No.:

TGIM FILMS, INC AND ERIC GITTER,

                              Defendants.
------------------------------------------------------------------x

        Plaintiff, DAMASTE PRODUCTIONS, INC. demanding a trial by jury, by its attorneys, Jannuzzi and Schwarz, complaining of the Defendants, respectfully shows this Court and alleges as follows:

## THE PARTIES

    1.    The Plaintiff is a corporation duly formed under the laws of the State of New York and maintains an office at 166 Laurel Road, East Northport, New York, 11731.

    2.    Defendant, TGIM FILMS, INC. is a corporation duly formed under the laws of the State of Delaware and maintains an office at 2135 Groveland Drive, Los Angele, California, 90046.

    3.    Defendant, Eric Gitter, is an individual and is a resident of the State of California, with an address of 1226 11th Street, Unit 1, Santa Monica, California, 90401.

## JURISTIDICTION AND VENUE

    4.    This Court has subject matter jurisdiction under 28 U.S.C. section 1332 as the dispute herein is between citizens of different States and the amount is Controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue in the Eastern District of New York is proper under 28 U.S.C. Section 1391 because the Plaintiff maintains its principal place of business within the Eastern District and because a substantial part of the events giving rise to this action occurred in the said District.

## FACTUAL BACKGROUND

6. In or about August of 2023, Plaintiff entered into a contract (hereinafter the "Contract") whereby the Defendants were to provide certain services relating to the development of a movie film project, (hereinafter "the Project").

7. Pursuant to the Contract, the Plaintiff was to tender the sum of $250,000.00, in two installments, to the Plaintiff.

8. Plaintiff tendered the sum of $250,000.00 in accordance with its contractual obligations and receipt of said sum was acknowledged by the Defendants.

9. In exchange for receiving the sum of $250,000.00, the Defendants were to provide the following services as set for in Article "2" of the Contract:

**"2. COMPENSATION:**

In line with the terms of this Agreement, and in recognition of the services provided, the Project Owner commits to provide the Producer with $250,000.00 (Two Hundred Fifty Thousand Dollars). This amount will be used to cover development expenses. An initial payment of $150,000.00 will be made once this Agreement is signed and delivered to the Producer's designated account. An additional payment of $100,000.00 will be made in a time not to exceed 60 days. $250,000.00 will be allocated to the following development expenses: (i) providing Eric Gitter's development services including any costs associated therewith; (ii) covering the retention of a writer to Polish or revise the screenplay; (iii) covering legal fees in relation to development such as the writers' agreements and chain of title documents; (iv) covering initial screenplay writer fees for Kurt Damas and   (v) for the services of TGIM's development team. The project owner maintains the authority to approve the suggested polishing writer terms. Both parties agree that the total expenses for the defined services will not exceed $250,000.00."

10. As stated in Article 2, the Plaintiff was to approve the "polishing writer' and the terms upon which the polishing writer would be compensated.

11. Plaintiff was advised by Defendant's associate and counsel, Frederick Goodman, that the fee to the polishing writer would make up the bulk of the $250,000.00 fee tendered by the Plaintiff to the Defendants.

12. Having authority with respect to the hiring of the polishing writer was of paramount importance to the Plaintiff, as it gave the Plaintiff control over the engagement of what was anticipated to be the most significant expense in relation to the Defendants' contractual obligations.

13. In the months following the execution of the Contract and the receipt of the funds due the Defendants under the Contract, the Plaintiff made several inquires as to the status of the services being provided by the Defendants.

14. Although the Plaintiff received various promises that the Defendants were working on performing their contractual obligations, the Plaintiff was only provided with superficial proof of the same.

15. When the Plaintiff inquired further, the Defendants at first only responded with rude and dismissive responses, and thereafter ceased responding to the Plaintiff's inquires.

16. When the Plaintiff asked for an accounting of what money was spent of the $250,000.00, Plaintiff was advised that all but $21,000.00 was used in performing the Defendant's obligations under the contract.

## AS AND FOR A FIRST CASUE OF ACTION FOR BREACH OF CONTRACT

17. The Plaintiff repeats and realleges that allegations of paragraph 1-16 as if the same were set forth hereat length.

18. As set forth above, the parties entered into a contract on or about August 21, 2023.

19. The Defendant's, failed to perform its obligations under the Contract, causing damages to the Plaintiff in the amount of $250,000.00.

20. The damages sustained by the Plaintiff were caused solely by the Defendant's failure to perform the contractual obligations they owed to the Plaintiff and no conduct on the part of the Plaintiff, its agents, servants, or employees contributed thereto.

21. By reason of the foregoing, the Plaintiff demands judgment against the Defendants in the sum in the amount of $250,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED CONVENT OF GOOD FAITH AND FAIR DEALING

22. The Plaintiff repeats and realleges the allegations of paragraph 1-21 as if the same were set forth hereat length.

23. Although the contract had no time set forth for performance of the obligations owed to Plaintiff by the Defendants, the Defendants made several representations following execution of the Contract that they were in fact, performing the services.

24. In addition, the Defendant's affirmatively stated that in or about in March of 2024 approximately 90% of Contract services had been earned, although Plaintiff has not been provided with meaningful proof that the Defendant's fulfilled their contractual obligations.

25. Based on the foregoing, the Defendants have breached the implied covenant of Good Faith and Fair Dealing, causing damage to the Plaintiff in the amount of $250,000.00.

## AS AND FOR THIRD CAUSE OF
## ACTION FOR UNJUST ENRICHMENT

26. The Plaintiff repeats and realleges the allegations of paragraph 1-25 as if the same were set forth hereat length.

27. The Defendants accepted the sum of $250,000.00 in exchange for performing services which the Defendants failed to provide.

28. By the Defendants retaining those said sums, the Plaintiff has sustained a loss of $250,000.00, solely due to the unjustified conduct of the Defendants as stated herein.

29. If the Defendants are permitted to retain the funds it has received from the Plaintiff, the Plaintiff will still have to replace the services of the Defendants that were not provided, and therefore, the Plaintiff has no adequate knowledge of the Law.

30. Accordingly, the Plaintiff seeks recission of the Contract entered into with Plaintiff and the return of the funds tendered under the Contract to the Defendants.

## AS AND FOR A FORTH CAUSE
## OF ACTION FOR AN ACCOUNTING

31. The Plaintiff repeat and realleges the allegations of paragraphs 1-30 as if the same were set forth hereat length.

32. The parties entered into a contractual relationship in or about August 31, 2023. Sums was paid to the Defendants pursuant to the contract thereon, but the Defendants have not qualified how these sums were applied.

33. Based on the foregoing, the Plaintiff seeks an accounting from the Defendants of all sums tendered by the Plaintiff to the Defendant.

**WHEREFORE**, The Plaintiff, Damaste Productions, Inc. demands judgment against the Defendant's jointly and severally as follows:

a. A monetary judgment against the Defendant's on the First Cause of Action in the amount of $250,000.00.

b. A monetary judgment against the Defendant's on the Second Cause of Action in the amount of $250,000.00.

c. An order granting recission on the Third Cause of Action together with the return of all funds paid to the Defendant's in reliance of the Contract.

d. An accounting of all sums tendered to the Defendant's under the Fourth Cause of Action.

e. All of the above together with such other and further relief as the Court deems just and proper.

Dated: Huntington, New York
April 22, 2024

JANNUZZI & SCHWARZ,
MICHAEL JUDE JANNUZZI, ESQ. (mjj6413)
Attorney for Plaintiffs
775 Park Avenue, Suite 205
Huntington, New York 11743
(631) 385-8182